IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:
**Robert Neeley Armstrong,**                                    **Case No. 17-80569**
      **Debtor.**                                                   **Chapter 13**

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

## MOTION TO MODIFY CHAPTER 13 PLAN POST CONFIRMATION

COMES NOW, Debtor Robert Neeley Armstrong, by and through the undersigned counsel, and files this Motion to Modify Chapter 13 Plan by stating as follows:

1. The plan is amended to reflect the interest rate paid to Vanderbilt for Insurance (Court Claim Number 7 & Court Claim Number 13) to be decreased to 0%, and the SMPs for those claims to be decreased to $20.00.

2. The plan is also amended to reflect the SMP paid to Vanderbilt for the 2011 Mobile Home to be decreased to $515.00.

3. The plan is amended to reflect that Vanderbilt be paid through the Chapter 13 plan for Insurance (Court Claim Number 14).

WHEREFORE THESE PREMISES CONSIDERED, Debtor respectfully requests that this Honorable Court allow the modifications to the Chapter 13 Plan as set forth above.

RESPECTFULLY SUBMITTED on this 20th day of January, 2020.

                                                                        /s/ Charles M. Ingrum, Jr.
                                                                        Charles M. Ingrum, Jr. (ING-028)
                                                                        Attorney for Debtor
                                                                        INGRUM & LAYSON, LLC
                                                                        830 Avenue A, Ste. B
                                                                        Opelika, AL 36801
                                                                        (334) 745-3333
                                                                        (334) 460-2287 – fax
                                                                        ilc@ilclawoffice.com

ALMB 3 (Rev 12/17)

# United States Bankruptcy Court
# Middle District of Alabama

IN RE: Robert Neeley Armstrong          CASE NO. 17-80569

Debtor(s)

## CHAPTER 13 PLAN

Date    1/20/2020

☑ **Check If Amended Plan**

1. **NOTICES**

    **1.1. Creditor Notices**

    **CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should carefully read this and other documents sent to you, and discuss them with your attorney.

    **TO FILE AN OBJECTION TO CONFIRMATION.** An objection to confirmation must be filed not later than seven days prior to the date fixed for the confirmation hearing. The document must state with particularity the grounds for the objection.

    **PROOFS OF CLAIM.** Creditors must file a timely proof of claim to be paid under this plan. Confirmation of this plan does not bar the debtor, trustee, or a party in interest from objecting to a claim. Confirmation of this plan does not constitute the allowance or disallowance of the amount of the creditor's claim, but it does control how the claim will be paid under the plan.

| | | | |
|---|---|---|---|
| 1.1.1 | A limit on the amount of a secured claim which may result in a partial payment or no payment at all to the secured creditor, set out in paragraph 5.1. If the Included box is checked, the plan must be served on the affected creditor. Rule 3012, F.R. Bankr. P. | ☑ Included | ☐ Not Included |
| 1.1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in paragraph 6. If the Included box is checked, the plan must be served on the affected creditor. Rule 4003, F.R. Bankr. P. | ☐ Included | ☑ Not Included |
| 1.1.3 | Nonstandard provisions, set out in paragraph 17. | ☑ Included | ☐ Not Included |

2. **PAYMENT AND LENGTH OF PLAN**

    Debtor shall pay   $625.00   per month   to the chapter 13 trustee beginning   June 1, 2017 .

    The length of the plan is   56   months. Other payment provisions:

3. **FILING FEES**

    **The filing fee as prescribed by Local Rule 1006-1 shall be paid as follows:**

    ☐ Filing fee paid in full directly to the clerk of court with the petition.
    ☐ Filing fee is being paid in installments directly to the clerk of court.
    ☑ Filing fee is being paid in installments through this plan as follows:

    | | |
    |---|---:|
    | Total filing fee: | $310.00 |
    | Initial installment paid with filing of petition: | $50.00 |
    | Remaining balance to be paid through the chapter 13 plan: | $260.00 |

4. **ATTORNEY'S FEES FOR DEBTOR'S BANKRUPTCY COUNSEL**

    The following attorney's fees shall be paid through the debtor's plan payments:
    Total attorney fee: $3,000.00
    Amount paid by the debtor directly to attorney prior to filing:
    Net attorney fee being paid through the chapter 13 plan disbursements: $3,000.00

5. **SECURED CLAIMS**

    5.1 **SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE PLAN LIMITS VALUE OF COLLATERAL**

    The remainder of this paragraph will be effective only if the applicable box in paragraph 1.1.1 is checked.

    Pursuant to 11 U.S.C. §1322(b)(2), claims being paid under this section of the plan will be modified. For secured claims of creditors, unless ordered otherwise by the court, the plan provisions below control the value of the secured claim listed below. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in the proof of claim filed in accordance with the bankruptcy rules controls over any contrary amounts listed below. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. §1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process only after the timely filing of a proof of claim by such creditor. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| Vanderbilt Mortgage & Finance | 2011 Giles 16x65 mobile home | $38,887.57 | $20,500.00 | 5.25 % | Yes | $151.00 | $515.00 |
| Vanderbilt Mortgage & Finance | Insurance | $918.00 | $918.00 | 0.00 % | Yes | $10.00 | $20.00 |
| Vanderbilt Mortgage & Finance | Insurance | $933.00 | $933.00 | 0.00 % | Yes | $10.00 | $20.00 |
| Vanderbilt Mortgage & Finance | Insurance | $960.00 | $960.00 | 0.00 % | No | $0.00 | $20.00 |

    5.2 **SECURED CLAIMS PAID THROUGH THE TRUSTEE WHERE VALUE IS NOT MODIFIED**
    The claims listed below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor, or (2) incurred within 365 days of the petition date and secured by a purchase money security interest in any other thing of value. The debtor proposes that the trustee make adequate protection payments prior to the confirmation of this plan pursuant to 11 U.S.C. § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to 11 U.S.C. § 1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the trustee. The trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan, all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, creditors' claims shall be paid the specified monthly plan payments on the terms and conditions listed below as required under 11 U.S.C. § 1325(a)(5). Claims being paid under this section of the plan will not be affected by 11 U.S.C. § 506 and will be paid pursuant to 11 U.S.C. § 1325(a)(5).

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Interest Rate | § 1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|
| | | $ | $ | % | | $ | $ |

## 6. LIEN AVOIDANCE

✓ None.

## 7. SURRENDERED PROPERTY

The debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any secured claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following surrender, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| Freedom Road Financial | 2015 Polaris Sling Shot 3 Wheeler | $24,000.00 | $16,000.00 |
| Synchrony Bank | 2015 Yamaha 950 Bolt | $7,300.00 | $5,000.00 |
| PNC Bank | 2014 Ford Mustang | $18,000.00 | $16,000.00 |

## 8. CURING DEFAULTS

Pursuant to 11 U.S.C. § 1322(b)(5), the debtor shall cure defaults with respect to the creditors indicated below. The trustee shall pay through this plan the allowed claims for arrearages at 100%. Unless otherwise ordered by the court, the amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The amount of arrearage listed herein is an estimate, and in no way shall this estimate limit what the trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| | | $ | % | $ |

## 9. DIRECT PAYMENTS

The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all 11 U.S.C. § 1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Payment Amount |
|---|---|---|---|---|---|
| Forest Products | 6.40 acres (land only) 124 Lee Road 182 Opelika, AL 36804, TAV Lee County- Debtor is joint on note with spouse | $27,000.00 | $5,500.00 | 06/01/2017 | $216.00 |

10. **LONG-TERM DEBTS MAINTAINED THROUGH PLAN**
    The debtor proposes that the trustee maintain the following long-term debts through the plan. Prior to confirmation of this plan, the trustee shall make adequate protection payments to all of the following long term creditors indicated below. The trustee shall commence making such payments to creditors holding allowed secured claims consistent with the trustee's distribution process and only after the timely filing of proofs of claim by such creditors. The trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan, said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Rule 3002(c), Federal Rules of Bankruptcy Procedure, or any notice of payment change filed under Rule 3002.1(b), Federal Rules of Bankruptcy Procedure, control over any contrary amounts listed below as to the current installment payment. In the absence of a contrary claim timely filed, the amounts stated below are controlling.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
| | | $ | $ | $ |

11. **DOMESTIC SUPPORT OBLIGATIONS**
    ✓ None.

12. **PRIORITY CLAIMS (Excluding Domestic Support Obligations)**
    The debtor will pay all priority claims including the following pursuant to 11 U.S.C. § 507 unless a claimant expressly agrees otherwise. See 11 U.S.C. § 1322(b)(10).

| Claimant | Type of Priority | Interest Rate (if applicable) | Scheduled Amount | Monthly Payment |
|---|---|---|---|---|
| | | % | $ | $ |

13. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
    Executory contracts and unexpired leases receive the following designated treatment. For all executory contracts and unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation 11 U.S.C. § 1326 adequate protection payments directly to the lessors pursuant to the terms of the contracts. For all contracts assumed, following the confirmation of the debtor's plan the debtor shall continue to make all payments directly to the creditors pursuant to the terms of the contracts. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to rejected contracts or leases. Any claim submitted by such creditor will receive no distribution under this plan until an amended proof of claim reflecting any deficiency balance remaining following rejection, if applicable, is filed by such creditor.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| | | ☐ | ☐ |

14. **SPECIALLY CLASSIFIED UNSECURED CLAIMS**
    The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt | Amount of Debt to be Specially Classified | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| | $ | $ | % | $ |

15. **UNSECURED CLAIMS**

☑ POT Plan: Allowed non-priority unsecured claims shall be paid through pro rata participation of $ 5,000 for the benefit of unsecured creditors, or until all allowed claims are paid in full.

If the selected plan's dividend to unsecured creditors is less than 100%, the debtor proposes to pay to the trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by 11 U.S.C. § 1325(b).

### 16. OTHER PLAN PROVISIONS

(a) Lien Retention: Allowed secured claim holders shall retain liens until the liens are released or upon completion of all payments under this plan unless specified in paragraph 6.

(b) Vesting of Property of the Estate:

 ☑ Property of the estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the estate, whether it remains in the estate or revests with the debtor upon confirmation of the plan, shall remain in the debtor's possession and control. Subject to the requirements of 11 U.S.C. § 363, the debtor shall have use of property of the estate.

(c) Direct Payments by Debtor: Secured creditors and lessors to be paid directly by the debtor may continue to mail to the debtor the customary monthly notices or coupons notwithstanding the automatic stay.

### 17. NONSTANDARD PROVISIONS

Under Rule 3015(c), Federal Rules of Bankruptcy Procedure, nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in or deviates from this plan. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if "Included" is selected in paragraph 1.1.3.

12/30/2019 - Amended plan to show Vanderbilt Mortgage & Finance to be paid through the Chapter 13 plan for Insurance (Court Claim Number 14)

10/29/2018 - Amended plan to include provisions for Court Claim number 13 of Vanderbilt Mortgage & Finance (Insurance).

### 18. SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY

If the debtor does not have an attorney, the debtor must sign below. If he or she does have an attorney, the debtor's signature is optional. The debtor's attorney, if any, must sign below.

/s/ Robert Neely Armstrong
Signature of Debtor

Executed on  1/20/2020

Signature of Joint Debtor

Executed on

/s/ Charles M. Ingrum Jr.
Signature of Attorney for Debtor(s)

Executed on  1/20/2020

**By filing this document, the debtor and his or her attorney (if applicable) certify that the wording and order of the provisions in this chapter 13 plan are identical to those contained in ALMB Local Form 3, other than any nonstandard provisions included in paragraph 17.**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Modify Chapter 13 Plan Post Confirmation and Proposed Amended Plan has been served on the parties listed below via first-class U.S. Mail, postage prepaid, or by electronic noticing in accordance with the Local Rules of this Court on this 20th day of January, 2020.

Sabrina L. McKinney
Chapter 13 Trustee
P.O Box 173
Montgomery, AL 36101-0173

Danielle Greco
Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Vanderbilt Mortgage & Finance
PO Box 9800
Maryville, TN 37802

/s/ Charles M. Ingrum, Jr.
Charles M. Ingrum, Jr. (ING-028)
Attorney for Debtor
INGRUM & LAYSON, LLC
830 Avenue A, Ste. B
Opelika, AL 36801
(334) 745-3333
(334) 460-2287 – fax
ilc@ilclawoffice.com